Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1504 | **DATE** | 1/27/2004 |
| **CASE TITLE** | NORTH AMERICAN SPECIALTY vs. VALENTI | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Plaintiff's motion (10-1) for summary judgment is denied. Summary judgment is entered in favor of defendant and against plaintiff North American Specialty Insurance Company.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | 1-25-04 date docketed |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| DW | courtroom deputy's initials | | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

North American Specialty Insurance Co.,

    Plaintiff,

v.

Valenti, Trobec, Chandler & Schurr Inc.,

    Defendant.

No. 99 C 1504
Judge James B. Zagel

DOCKETED
JAN 2 9 2004

## MEMORANDUM OPINION AND ORDER

This case arises from the alleged failure of Defendant, Valenti, Trobec, Chandler & Schurr ("Valenti") to notify Plaintiff, North American Specialty Insurance Company ("NAS") that a bond-holder had allowed its workmen's compensation insurance to lapse. The lapse in insurance coverage resulted in NAS's payment of $250,000, under the terms of its bond, for injuries sustained by a William H. Kelly Company ("Kelly") employee working on the McCormick Place expansion project.

Valenti is an insurance and surety bond brokerage firm that has, since the mid-1980's, offered for sale NAS's performance and payment bonds. In 1993, Valenti brokered a performance and payment bond underwritten by NAS to Kelly who was a subcontractor on the McCormick Place expansion project. Valenti also acted as a broker in obtaining Kelly's workmen's compensation coverage from Liberty Mutual.

As the project at McCormick Place proceeded, Kelly began to experience severe financial difficulties and ultimately stopped paying its insurance premiums. On February 2, 1997, Liberty Mutual notified Valenti that it would cancel Kelly's coverage at the end of the month. Despite

providing NAS with other information concerning Kelly's financial distress, Valenti did not notify NAS of this cancellation. To remedy the situation, Valenti recommended that Kelly open a new, better capitalized entity with insurance coverage to finish the work at McCormick Place and that NAS transfer its bond to that new entity.

On March 4, 1994, a Kelly employee was injured while working at McCormick Place. The general contractor for the McCormick Place expansion project sought indemnity first from Liberty Mutual, which informed him that Kelly's insurance had lapsed and next from Valenti who refused. Finally, on May 26, 1996, the general contractor filed suit against NAS seeking compensation for the injured employee. NAS settled the case for $250,000 and filed this instant suit on March 5, 1999 claiming that Valenti breached the parties' Agency Agreement and its fiduciary duty by failing to notify NAS of the insurance lapse.

NAS and Valenti now move for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). In determining whether any genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue of fact exists only when, based on the record as a whole, a reasonable jury could find for the non-movant. *Pipitone v. United States*, 180 F.3d 859, 861 (7th Cir. 1999).

Both NAS and Valenti claim they are entitled to summary judgment on NAS's breach of contract and breach of fiduciary duty claims. Valenti also argues that this suit is barred entirely

by the statute of limitations. I will deal first with Valenti's statute of limitations claims. Valenti urges me to apply § 735 ILCS 5/13-214.4, which provides for a special two year statute of limitations in cases brought against insurance producers. The statute is as follows:

> All causes of action brought by any person or entity under any statute or legal or equitable theory against an insurance producer, registered firm, or limited insurance representative concerning the sale, placement, procurement, renewal, cancellation of, or failure to procure any policy of insurance shall be brought within two years of the date the cause of action accrues.

NAS objects to the application of § 735 ILCS 5/13-214.4 claiming it does not apply here because Valenti was acting as NAS's agent. However, since Illinois courts have applied this statute to suits between insurers and their agents, that fact is irrelevant. *See Ind. Ins. Co. v. Machon & Machon*, Inc., 753 N.E.2d 442, 445 (2001).

NAS also seems to argue that § 735 ILCS 5/13-214.4 does not apply because it is the failure to notify that is at issue and not the procurement/cancellation of insurance. This argument is also unconvincing. Valenti acted as an insurance producer (see Plaintiff's Exhibit C) in obtaining the workmen's compensation from Liberty Mutual for both Kelly and the newly established entity. Because this case certainly "concerns" the procurement/cancellation of this insurance by Valenti, the application of § 735 ILCS 5/13-214.4 and its two year statute of limitation is appropriate.

For contract claims and tort claims arising out of contractual relationships, such as we have here, the cause of action ordinarily accrues at the time of the breach, not when the party sustains damages. *Id. (citing West Insurance Co. v. Sal E. Lobianco & Son Co.,* 370 N.E.2d 804 (1977)). NAS alleges that the breaches of duty, both contractual and fiduciary, took place on or about February 14, 1994 -- the time of the failed notification. Using this date for breach, the

3

statute would have run on February 14, 1996, a date long before the filing of this action.[1] Therefore, I find this suit is barred by the statute of limitations.

Even if I have wrongly decided the statute of limitation question, I would still grant summary judgment on NAS's breach of contract claims. NAS argues that Valenti's failure to notify it of the cancellation was a clear breach of two Agency Agreement provisions.[2] Namely, Valenti did not comply with the Agency Agreement's requirements that Valenti (1) exercise its best business judgment and (2) turn over all information relating to legal process. Valenti, on the other hand, argues it is entitled to summary judgment because the provisions cited by NAS do not apply to the facts presented here. First, Valenti contends that the business judgment provision was directed toward the underwriting and issuance of bonds and not the maintenance of bonds already issued. From my reading of the provision, I have to agree. The provision explicitly states that "the best business judgment after a thorough under-writing review of the undersigned will be used for the protection of the Company. No bond known to be unsafe or unsound will be signed even though it may be authorized in this letter of authority." In this provision, the best judgment requirement is directed to the due diligence period and not to the period of post-issuance handling of the bond. Thus, I find this provision is not a proper basis for this breach of contract claim.

---

[1] If NAS's breach of fiduciary duty claims are not based on the Agency Agreement but are instead a standard tort, summary judgment would still be appropriate. In a tort case, the cause of action begins to accrue when the plaintiff suffers injury. *Id. (citation omitted)*. On May 26, 1996, the general contractor filed suit against NAS providing it with clear notice of the injury. (Defendant's Exhibit G). Even assuming a tort based action, the two-year statute of limitations ran, at the latest, in the spring of 1998, nearly a year before this suit was filed.

4

Next, Valenti argues, and again I must agree, that the provision requiring it to "turn over all legal process involving coverage" is directed solely to litigation management. The full clause states "Agent shall not commit Company as to liability in connection with any claim or loss which may occur under any contract. Agent shall immediately report all claims and losses and turn over all legal process involving coverage placed with Company." I find this clause relates to legal actions that could result from the placement of NAS's bonds and not the ongoing management of issued bonds. The clause's use of terms such as liability, claim, loss, and legal process support this conclusion. For this reason, I find this provision is also an insufficient basis for NAS's breach of contract claims.

Lastly, I turn to NAS's breach of fiduciary duty claims. NAS argues that Valenti so clearly breached its fiduciary duty when it failed to notify NAS of the insurance cancellation that NAS is entitled to summary judgment. According to the Restatement (Second) of Agency § 381 (1957), "the duty exists if [the agent] has notice of facts which, in view of his relation with the principal, he should know may affect the desires of his principal as to his own conduct or the conduct of the principal or another agent." NAS argues that Valenti either did know or should have known information regarding Kelly's workmen's compensation coverage would affect its conduct. However, Valenti counters by claiming it was not required to notify NAS because such information was not normally provided to NAS or other insurers.

Valenti also moves for summary judgment claiming it took all actions necessary to fulfill its duty to NAS. Valenti claims that it provided NAS with sufficient information concerning Kelly's financial difficulty and took sufficient steps to remedy Kelly's lack of workmen's

compensation insurance by establishing a new, insured entity.[3] Obviously, NAS disagrees. As is demonstrated by the parties' arguments here, significant factual disputes remain on the issue of fiduciary duty. Accordingly, I find summary judgment on these grounds alone is inappropriate.

To the extent consistent with this opinion, Valenti's Motion for Summary Judgment is GRANTED. NAS's Motion for Summary Judgment is DENIED.

ENTER:

James B. Zagel
United States District Judge

DATE: 2-7 Jan 2004

---

[3] After learning of Kelly's lack of workmen's compensation insurance and financial difficulty, Valenti did recommend the formation of a new better capitalized Mark I to complete the construction work and the transfer of NAS's performance and payment bond to Mark I. Valenti also took steps to make sure Mark I did have workmen's compensation insurance.

6